GARDNER<br>v.<br>SHIPLEY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## McCALOP v. HEREFORD.

A memorandum in writing, though signed on sunday, is admissible in evidence to prove a contract made on another day.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Lacey* and *Elam*, for the appellant. *Herron*, for the defendant. The judgment of the court (*Rost*, J. absent,) was pronounced by

EUSTIS, C. J. This suit is brought to recover the balance due on a promissory note of the defendant, which the Union Bank had held, and which the plaintiff

McCALOP
v.
HEREFORD.

had paid and thereby become the owner of. It appears that the plaintiff had purchased from the defendant a plantation on which a stock mortgage existed in favor of the Union Bank; and, an order of seizure having been issued against it, the plaintiff paid to the bank the sum of $5,000, which the bank applied, with the consent of the plaintiff, to the payment of a note of the defendant which the bank held, and the balance to the stock note of the defendant which bore on the property mortgaged. For the balance due on this note thus paid by the plaintiff the present action is instituted. A defence was set up, by way of exception, that the plaintiff had bound himself, for a sufficient consideration, to give the defendant five years to pay the amount. The exception was sustained by the District Court, and the plaintiff was non-suited. He has taken this appeal.

The note sued on was secured by a pledge of two hundred and thirty shares of the capital stock of the Union Bank; and the agreement relied on by the defendant purported, that the plaintiff was to give the defendant five years for the reimbursement of the amount the plaintiff should pay for him to the bank, on condition that he should transfer to the plaintiff the bank stock at the price two persons named should say it was worth, and give a mortgage upon certain negroes, which were also mortgaged to the bank, whenever McCalop, the plaintiff, should desire it. No notice or requisition has been given to the defendant to transfer the stock or execute the mortgage. This agreement was made, in October, 1847. It is proved by a memorandum signed by both parties, but written and bearing date on sunday, the 7th February, 1848. It is contended by the counsel for the plaintiff that the contract itself was made on sunday, and for that reason is not valid, and cannot be recognized as having any effect in a court of justice. Without deciding on the force of this objection, we have only to state that the agreement relied upon to give the defendant time is not proved to have been made on that day, but on some day in October, 1847. We have been referred to no authority for the opinion that a memorandum signed on sunday is not admissible as evidence to prove a contract made on another day. This case presents features of great irregularity throughout. The action is not properly brought, the matter of defence is not well pleaded. The evidence, however, has been given on both sides, and the case must be determined on the state of things thus presented. We find nothing in the evidence which affects the validity of the agreement, nor do we find any default on the part of the defendant as to the compliance with his part of it. The affair between the parties is still open, and the contract thus partially executed by the plaintiff is subsisting, and, by reason of the agreement, the plaintiff's action cannot be maintained. The rights of the parties remain entire, and unaffected by the judgment of non-suit.

*Judgment affirmed.*